AMBROSE A. JOHNSON, Plaintiff, *v.* FLORA B. JOHNSON, Defendant.

Supreme Court, Special Term, Onondaga County, July 11, 1947.

*Victor Levine* for plaintiff.

*Thomas J. Lowery* for defendant.

MALPASS, J. This is a motion by the plaintiff to strike out an affirmative defense set forth in the answer on the ground that said defense is sham. The motion is made under rule 103 of the Rules of Civil Practice.

This action has been brought by the plaintiff husband for a judgment of separation from the defendant wife upon the grounds of cruel and inhuman treatment. The complaint alleges among other things that the defendant in 1943 " instituted a pretended action for absolute divorce in a court purporting to have jurisdiction in the State of Nevada against the plaintiff," and that the Nevada action was brought without the knowledge or consent of the plaintiff and without personal service upon him of any process and was wholly null and void.

The answer of the defendant consists of a general denial of the allegation of cruelty and invalidity of the Nevada divorce and contains an affirmative defense to the effect that the Nevada divorce was in all respects valid and that the marriage between the parties to this action, as a result of the Nevada decree, was dissolved.

The final judgment in the action will depend upon the question as to the validity of the Nevada divorce and it would seem that the defense interposed in the answer, which is sought to be stricken out on this motion, is a good defense as pleaded and presents triable issues which should be decided after a trial. The attention of the court has not been called to any adjudicated cases where such a motion has been decided since the amendment of 1944 to rule 103. This amendment added a paragraph which authorizes the use of affidavits in determining whether or not a pleading is sham, but in a case such as this, where the jurisdiction of a court of another State is in question and where the intention of the parties has a distinct and important bearing on the subject as to whether or not the defendant in this action obtained a bona fide residence in the State of Nevada, it would seem that the decision should not be made summarily but only after a trial is had. In the case of *McCarthy* v. *McCarthy* (263 App. Div. 848) an order dismissing as sham an affirmative defense, such as is contained in the answer in this action, was reversed on appeal. An examination of the record in the *McCarthy* case (*supra*) shows that the answer alleged the defense therein contained in the following language: " Third: That on the 14th day of November, 1940, in the Second Judicial District of the State of Nevada, in and for the County of Washoe, the said defendant duly recovered a judgment of absolute divorce against the plaintiff herein." The Appellate Division, First Department, said: " The second defense is good as pleaded and triable issues exist as to the jurisdiction of the court which rendered the decree."

The motion of the plaintiff is denied, with $10 costs.